IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

GARY SMITH,                              :
                                         :
            Plaintiff,                   :
                                         :
      VS.                                :
                                         :        7 : 09-CV-153 (HL)
SHERIFF CHRIS PRINE, *et al.*,           :
                                         :
            Defendants.                  :
_____:

## RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. ▪ 1983 on

December 21, 2009, alleging that his conditions of confinement were unconstitutional.   (Doc. 2).

Presently pending in this action is Defendants' Motion for Summary Judgment. (Doc. 37).

### Background

In his Complaint, Plaintiff alleges that, while housed as a pre-trial detainee at Lowndes

County Jail, he was placed in a segregation cell with only a suicide vest.   (Doc. 2).   Plaintiff

states that he was not allowed a mattress to sleep on; did not have access to hot or cold running

water, dental hygiene supplies, outgoing mail, or religious materials; and was forced to sleep on

cold concrete with an open window while temperatures outside were between forty (40) and fifty

(50) degrees.   As a result of having to sleep on the concrete floor, Plaintiff maintains that he

suffered from a pinched nerve in his back.

Plaintiff states that Defendant Chris Prine, a Sheriff, Defendant Jason Clifton, a Lieutenant

at Lowndes County Jail, and Defendant William Woolridge, a Staff Sergeant at Lowndes County

Jail, were aware of the conditions and are responsible for making prison officials subject Plaintiff

to the unconstitutional conditions.

Defendants filed their Motion for Summary Judgment on October 12, 2011. (Doc. 37).   On October 19, 2011, the Court notified Plaintiff of the filing of Defendants' Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto no later than November 2, 2011.   (Docs. 41, 42).   Plaintiff's response to Defendants' Motion for Summary Judgment was filed on November 4, 2011. (Doc. 43).

### Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party.   *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).   The movant "always bears the initial responsibility of informing the district court of the basis for its

motion,@and identifying those portions of the record, including pleadings, discovery materials, and affidavits, Awhich it believes demonstrate the absence of a genuine issue of material fact.@ *Celotex*, 477 U.S. at 323.   AIf a party fails to properly support an assertion of fact or fails to properly address another party=s assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials Bincluding the facts considered undisputed B show that the movant is entitled to it@   Fed R. Civ. P. 56(e)(3).

### Evidence

Defendants contend that the conditions of Plaintiff=s confinement while Plaintiff was housed in segregation were not sufficiently serious to constitute a violation of Plaintiff=s constitutional rights, and that Plaintiff has failed to allege or provide evidence showing that Defendants had the requisite subjective knowledge. (Doc. 39).   In asserting that they are entitled to the entry of summary judgment, Defendants have submitted the affidavit of Defendant Woolridge and several documents relating to the conditions of confinement during the relevant times. (Doc. 37-1, Woolridge Affidavit).

Defendants' evidence shows that on November 9, 2009, Plaintiff was placed in isolated confinement because he was "engaging in the self-destructive and self-mutilating behavior of 'tattooing'[.]" (*Id.* at ¶ 8).   Plaintiff was in isolation for approximately four (4) days.   (*Id.* at ¶ 9).  "Plaintiff's behavior necessitated the need for isolation to observe his behavior and medical condition because of the mental and physical health risks associated with [his] behavior."   (*Id.* at ¶ 10). While in isolation, Plaintiff was regularly provided meals and beverages, was regularly offered the opportunity to shower, and was provided the basic necessities of food and water, living space, medical care, and hygiene.   (*Id.* at ¶¶ 14-16).   Plaintiff was given a suicide blanket,

3

rather than bedding, "to protect him from the risk of self-injury or death by using regular sheets, blankets or his own clothing." (*Id.* at ¶ 17). "Once it was determined that Plaintiff was not a risk to himself or others, he was released to the general population of the jail." (*Id.* at ¶ 18).

In response to Defendants= summary judgment motion, Plaintiff has provided a Response, which includes Plaintiff's purported affidavit and copies of grievances. (Doc. 43). "An affidavit is a sworn statement made in writing under oath or on affirmation before a notary public or other authorized officer." *Holder v. State Farm Fire & Cas. Co.*, 2008 WL 3887632, *4 (S.D. Ga. Aug. 21, 2008); *see also Black's Law Dictionary* 66 (Bryan A. Garner, ed., 9th ed., West 2009). Plaintiff is currently incarcerated in Wisconsin, and under Wisconsin law, a notarial act must be evidenced by a certificate that is signed and dated by the notarial officer, must state the jurisdiction and the title of the office, have the notary stamp or seal, and a notary public must include the date of expiration of the notary public's commission. W.S.A. 706.07, 801.17(11). Plaintiff's purported affidavit was allegedly sworn before a notary; however, the "affidavit" does not include the jurisdiction wherein the notarization took place or the notary public's commission expiration date, and there is no notarial seal affixed to the "affidavit".

Pursuant to 28 U.S.C. § 1746, a declaration that is signed "under penalty of perjury" is also sufficient to constitute evidence for purposes of a motion for summary judgment. Herein, Plaintiff did not sign his "affidavit" "under penalty of perjury". As such, Plaintiff's "affidavit" is not a sworn affidavit or a declaration which can be considered in the determination of Defendants' Motion for Summary Judgment. *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (*pro se* litigants cannot "oppose summary judgments by the use of unsworn materials"); *Life Insurance Co. of N. America v. Foster*, 2010 WL 1873102 (S.D. Ala. March 31, 2010) (finding an affidavit

was not valid because it did not contain the notary public's seal and because the notary public's commission had expired prior to the execution of the affidavit).

## Discussion

Plaintiff was a pretrial detainee at the relevant times, and as such, conditions of confinement imposed on him were governed by the Fourteenth Amendment Due Process Clause. *Andujar v. Rodriquez*, 486 F.3d 1199, 1203 n. 3 (11th Cir. 2007).  "[T]he minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).   Therefore, for the purposes of the undersigned's analysis of Plaintiff's allegations, the Court will apply the Eighth Amendment deliberate indifference standard.   *Id.*

To establish that the conditions of his confinement violated Plaintiff's constitutional rights, Plaintiff must prove both an objective and a subjective component to show that Defendants acted with deliberate indifference to a serious condition.   "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. Macmillian*, 503 U.S. 1, 8 (1992)).   A plaintiff must show that a condition of his confinement

> pose[s] an unreasonable risk of serious damage to his future health
> [or safety]. . . [T]he Eighth Amendment requires more than a
> scientific and statistical inquiry into the seriousness of the potential
> harm and the likelihood that such injury to health will actually be
> caused by exposure to [the challenged condition of confinement].   It
> also requires a court to assess whether society considers the risk that
> the prisoner complains of to be so grave that it violates contemporary
> standards of decency to expose *anyone* unwillingly to such a risk.

*Helling v. McKinney*, 509 U.S. 25, 35-36 (1993).   Under the subjective component, "a prisoner [must] prove that the prison official acted with 'deliberate indifference' in disregarding th[e] risk

5

by showing that the official knew the inmate faced a 'substantial risk of serious harm' and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it." *Darrington v. Campbell*, 2006 WL 1718788, *3 (M.D. Ala. June 19, 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Conditions of confinement violate the Eighth Amendment when the conditions "involve the wanton and unnecessary infliction of pain." *Crosby*, 379 F.3d at1289 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[T]he Constitution does not mandate comfortable prisons, . . . [and prisons] cannot be free of discomfort." *Rhodes*, 452 U.S. at 349. "At a minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain 'without any penological purpose' or an 'unquestioned and serious deprivation of basic human needs' such as medical care, exercise, food, warmth, clothing, shelter, or safety." *King v. Henry*, 2010 WL 4386539, * 5 (N.D. Fla. Sept. 24, 2010) (quoting *Rhodes*, 452 U.S. at 347).

Conditions of confinement may be unconstitutional if the temperatures of a prison cell are sufficiently cold enough to cause extreme discomfort. *Chandler v. Baird*, 926 F.2d 1057, 1265 (11th Cir. 1991). When determining if conditions are unconstitutional, "the Eighth Amendment is concerned with both the 'severity' and the 'duration' of the prisoner's exposure to" extreme temperatures. *Crosby*, 379 F.3d at 1295; *see also Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997) ("courts should examine several facts in assessing claims based on low cell temperature, such as the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold").

Herein, Defendants' unrefuted evidence shows that Plaintiff was in isolation for

approximately four (4) days.   While he was there, Plaintiff was "regularly checked and monitored and provided with reasonable and necessary, food, hydration and hygiene[.]"   (Doc. 37-1, Woolridge Affidavit, ¶ 11).   Plaintiff was also provided with meals and beverages, offered the opportunity to shower, and at all times provided with basic necessities.   (*Id.* at ¶ 14-16).   Due to the concern that Plaintiff might harm himself or others, he was given a suicide blanket, rather than bedding.   (*Id.* at ¶ 17).   Furthermore, there is no evidence of an open window in Plaintiff's isolation cell, or that the temperature of Plaintiff's cell was between forty (40) and fifty (50) degrees, but only unsupported allegations of such.   Also, Plaintiff has not provided evidence which shows that his alleged exposure to cold temperatures and denial of basic necessities were "sufficiently serious" to establish a constitutional violation.

Regardless of whether the conditions of Plaintiff's confinement during his incarceration in isolation were unconstitutional, Plaintiff has not shown that Defendants were aware of and intentionally disregarded an excessive risk to Plaintiff's safety.   In his unsworn Complaint, Plaintiff merely states that Defendants "are aware and make [the] officers subject [inmates] to these conditions."   (Doc. 2).   In Plaintiff's unsworn "affidavit", Plaintiff states that he submitted a grievance request to Defendant Woolridge requesting a grievance because security and the administration had violated Plaintiff's Eighth and Fourteenth Amendment rights.   (Doc. 43-1).   Plaintiff also stated that Defendant Woolridge responded to his grievance request, and stated that Plaintiff's rights were not violated.   (*Id.*).

Filing a grievance does not alone show that a supervisor had knowledge.   *See Nichols v. Burnside*, 2011 WL 2036709, *3 (M.D. Ga. April 21, 2011) (finding that a grievance and letter to a supervisor does not alone make the supervisor liable); *Logue, Jr. v. Chatham County Detention*

*Center*, 2010 WL 5769485, *4 (S.D. Ga. Dec. 29, 2010) (filing grievances with a supervisor "does not alone make the supervisor liable"); *Weems v. St. Lawrence*, 2009 WL 2422795, *4 n. 7 (S.D. Ga. Aug. 6, 2009) (finding letters and grievances to "jail's upper officials" was insufficient to show the defendants were on notice of a substantial risk of serious harm); *Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").   As a grievance is insufficient so show that a supervisor had knowledge of a substantial risk of harm to Plaintiff, Plaintiff has not shown that Defendant Woolridge had knowledge of the alleged unconstitutional conditions of confinement and intentionally failed to take action to correct the conditions.   Without evidence of subjective knowledge of the alleged unconstitutional conditions of confinement, Plaintiff's claim against Defendant Woolridge cannot survive Defendants' Motion for Summary Judgment.

Additionally, Plaintiff has failed to provide any evidence to show that Defendants Prine and Clifton had any knowledge of the unconstitutional conditions of confinement to which Plaintiff was allegedly exposed.   At most, Plaintiff provided a conclusory allegation that Defendants Prine and Clifton knew about the conditions, and made the officers subject Plaintiff to the conditions. Plaintiff's conclusory allegations are insufficient to overcome Defendants' Motion for Summary Judgment.   *See Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without specific supporting facts have no probative value[,]" and are legally insufficient to defeat a summary judgment motion); *Sun v. Girardot*, 237 Fed. Appx. 415, 417 (11th Cir. 2007).

Without evidence that Defendants were aware of the alleged excessive risk of harm to

8

Plaintiff, no genuine issue of fact exists regarding Plaintiff's claim that his conditions of confinement were unconstitutional.   *See Bugge v. Roberts*, 430 Fed. Appx. 753, 761 (11th Cir. 2011) (granting summary judgment when the plaintiff presented no evidence showing the defendants had any responsibility for the conditions of the prison); *Salas v. Wetherington*, 2005 WL 3531467, * 3 (M.D. Ga. Dec. 22, 2005) ("plaintiff's allegations remain unsupported by credible evidence and are largely conclusory, falling far short of overcoming the defendants' summary judgment showing"); *Glover v. Haynes*, 2012 WL 1202175, * 7 (S.D. Ga. March 21, 2012) (finding summary judgment appropriate when the plaintiff failed to allege that the defendants had knowledge of a risk of harm to the plaintiff, and thus, failed to state a claim against the defendants).

## Conclusion

As Plaintiff has failed to show that there is a genuine issue of fact as to either the objective or subjective components of his claim of unconstitutional conditions of confinement, Plaintiff has failed to sufficiently rebut Defendants' summary judgment showing.   Accordingly, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 2nd day of May, 2012.

s/ ***THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

llf

9